**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| PABLO SUAREZ HERNANDEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-1537-D |
| | ) | |
| KRISTI NOEM, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## <u>ORDER</u>

Petitioner Pablo Suarez Hernandez filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. [Doc. No. 1]. Petitioner is a citizen of Mexico who has resided in the United States since 2011. He has been in the custody of the U.S. Immigration and Customs Enforcement (ICE) since August 21, 2025, and his removal proceedings are ongoing. Petitioner is currently detained pursuant to the mandatory detention provision contained in 8 U.S.C. § 1225(b)(2)(A).

The immigration court sent a notice of bond hearing to Petitioner's counsel on December 15, 2025. On December 17, 2025, the Immigration Judge (IJ) denied the request for bond, citing a lack of jurisdiction based on the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

Petitioner asserts that the IJ's decision is governed by 8 U.S.C. § 1226(a) because "the [i]mmigration [c]ourt's refusal to exercise jurisdiction over [his] custody status is a violation of the Immigration and Nationality Act [(INA)] and the Due Process Clause of the Fifth Amendment." [Doc. No. 1, at 2]. He contends that § 1225(b)(2)(A) "does not

1

apply to him because he 'was arrested in the interior and has resided [in the country] since 2006.'" [Doc. No. 8, at 8 (quoting Doc. No. 1, at 2 (footnote omitted))].

The matter was referred to United States Magistrate Judge Suzanne Mitchell for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B), (C). [Doc. No. 3]. Respondents filed a Response in Opposition to the Petition for Writ of Habeas Corpus. [Doc. No. 7].

On February 2, 2026, the magistrate judge issued a Report and Recommendation [Doc. No. 8], recommending that the Court grant in part the Petition and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a). Respondents filed a timely objection to the Report and Recommendation. [Doc. No. 9]. Thus, the Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *See* 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3).

Respondents object to the magistrate judge's conclusion that § 1226(a) applies to Petitioner's detention, and not § 1225(b)(2)(A), as suggested by Respondents. Generally, "§ 1225 mandates detention without the opportunity for a bond hearing for the noncitizens to whom it applies." *Hernandez v. Baltazar*, No. 1:25-cv-03094-CNS, 2025 WL 2996643, at *3 (D. Colo. Oct. 24, 2025) (citation omitted). In comparison, § 1226 provides the noncitizen with the opportunity for a bond hearing. *Id.*; *see also Aranda v. Olson*, No. 4:25-cv-156-GNS, 2025 WL 3499061, at *4 (W.D. Ky. Dec. 5, 2025) ("Overall, Section 1226(a)

2

provides for a discretionary authority requiring an individualized bond determination before a noncitizen may be taken into custody.") (quotation and citation omitted).

Respondents contend that Petitioner is properly detained pursuant to § 1225(b)(2)(A), which provides:

> Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.

8 U.S.C. § 1225(b)(2)(A). Respondents assert that Petitioner is an "applicant for admission" because he is present in the United States and has not been admitted, citing § 1225(a)(1). *See* 8 U.S.C. § 1225(a)(1) ("An alien present in the United States who has not been admitted . . . shall be deemed for purposes of this chapter an applicant for admission.").

In previously construing § 1225(b)(2)(A), the undersigned concluded in *Colin* that the subsection "unambiguously requires that an 'applicant for admission' also be 'seeking admission' for the section to control." *See Colin*, 2025 WL 3645176, at *4. In their Objection, Respondents argue that "seeking admission" is merely stating "applicant for admission" another way.

The Court finds helpful the Seventh Circuit's recent analysis of this issue. In *Casañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025), the Seventh Circuit denied the government's request to stay orders of the district court, finding that the government's argument that certain individuals were properly detained under § 1225(b)(2)(A) was likely to fail on the merits:

> [W]hile a noncitizen arrested in the Midwest might qualify as 'an alien present in the United States who had not been admitted,' § 1225(a)(1), the mandatory detention provision upon which Defendants rely, limits its scope to an 'applicant for admission' who is 'seeking admission,' § 1225(b)(2)(A). Put another way, 'U.S. immigration law authorizes the Government to detain certain aliens *seeking admission* into the country under §§1225(b)(1) and (b)(2). It also authorizes the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings under §§ 1226(a) and (c).

*Id.* at *9 (quoting *Jennings*, 583 U.S. at 289).[1]

In addressing the government's argument that "applicant for admission" is simply synonymous with a person "seeking admission," the Seventh Circuit noted that the argument has "some superficial appeal," acknowledging that § 1225(a)(3) "refers to noncitizens 'who are applicants for admission or *otherwise* seeking admission.'" *Id.* However, the Seventh Circuit continued:

> [I]t is Congress's prerogative to define a term however it wishes, and it has chosen to limit the definition of an 'applicant for admission' to 'an alien present in the United States who has not been admitted or who arrives in the United States.' 8 U.S.C. § 1225(a)(1). It could easily have included noncitizens who are 'seeking admission' within the definition but elected not to do so.
>
> What is more, Defendants' construction would render § 1225(b)(2)(A)'s use of the phrase 'seeking admission' superfluous, violating one of the cardinal rules of statutory construction.

*Id.* (citation omitted).

---

[1] The Court also acknowledges the contrary 2-1 decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) and *Avila v. Bondi*, --- F.4th ----, 2026 WL 819258 (8th Cir. 2026).

Upon consideration, the Court continues to conclude that § 1225(b)(2)(A) unambiguously requires that an "applicant for admission" also be "seeking admission" for the subsection to control.

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 8] is **ADOPTED**, and the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] is **GRANTED in part**. **IT IS THEREFORE ORDERED** that Respondents shall provide Petitioner with a prompt bond hearing under 8 U.S.C. § 1226(a), or release Petitioner. A separate judgment shall be entered.

**IT IS SO ORDERED** this 31st day of March, 2026.

TIMOTHY D. DeGIUSTI
Chief United States District Judge